**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| KAREN STANHOPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 05-5007-CV-SW-JCE |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. § 1381 et seq. Pursuant to 42 U.S.C. § 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be reversed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

1

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). <u>Wiseman v. Sullivan,</u> 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. <u>Id.</u> Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. <u>Polaski v. Heckler,</u> 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in <u>Polaski</u>. The ALJ must give full consideration to all of the relevant evidence on the <u>Polaski</u> factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. <u>Haynes v. Shalala,</u> 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was 40 years old at the time of the supplemental hearing before the ALJ. Plaintiff completed the eleventh grade. She has no past relevant work experience. She was previously awarded SSI benefits on July 23, 1983, which were ceased in October, 1996, due to her spouse's income.

The ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date, July 29, 1999. He further found that the medical evidence established that plaintiff suffers from "chronic obstructive pulmonary disease/asthma, seizure disorder, left knee degenerative joint disease status-post surgery, lumbar spine degenerative disc disease, history of a toe fracture, and affective and anxiety disorders." [Tr. 14]. It was the ALJ's finding that plaintiff was not fully credible, based on her description of her activities, life style, and medical history. It was his opinion that plaintiff had the residual functional capacity to perform a limited range of light work. Therefore, it was the ALJ's finding that she is not under a disability as defined by the Act.

The ALJ found that plaintiff had the residual functional capacity to perform light work, limited by exertional and non-exertional limitations. The latter included avoiding frequent and prolonged personal interaction with coworkers and the public; only paying attention to routine, repetitive tasks; not being able to sustain a high level of concentration, precision or attention to detail; and avoiding fast-paced activity, explicit production quotas, deadlines, schedules, or changing work situations. [Tr. 30].

Plaintiff contends that the ALJ's decision should be reversed because the ALJ failed to make a proper credibility determination, and failed to properly credit the opinions of her treating physicians.

The law is clear that "[a] treating physician's opinion is generally entitled to substantial weight, although it is not conclusive and must be supported by medically acceptable clinical or diagnostic data." Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998). 918, 922 (8th Cir. 2000), quoting Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995). In this case, a thorough review of the record indicates that the ALJ erred in discounting the opinion of plaintiff's treating physicians.

The ALJ indicated that he rejected the opinion of Dr. Nicholas, as expressed in his Medical Source Statement-Mental, in which he opined that plaintiff had marked limitations in the ability to set realistic goals or make plans independently of others, and moderate limitations in most other areas related to the workplace. The ALJ stated that this opinion was "afforded much less weight." [Tr. 26]. He stated that the doctor "gave no explanation for his choices on the form, and referred to no clinical findings or other basis for his conclusions." [Tr. 26-27]. It was his opinion that the doctor relied heavily on plaintiff's subjective report of symptoms and uncritically accepted them as true. The ALJ also found inconsistencies because the doctor noted that plaintiff was doing fairly well at times, and that she was depressed because of a problem with her son. He concluded that the form might have been something that the doctor "quickly completed," and that his "check-mark form diverges greatly from the conclusions of other examining mental health professionals." [Tr. 27]. The ALJ also rejected the Medical Source Statement-Mental and subsequent diagnostic conclusions of Tim Wells because he was a counselor, not a psychologist, and was not a "medical source," within the meaning of 20 C.F.R. § 416.913(d)." [Id.]. The ALJ discredited Mr. Wells' opinion because he found he did not support his conclusions with reference to clinical findings, and because "his emphasis on her

4

past and her difficulty with men does not reconcile with the other evidence." [Id.]. He further indicated that Mr. Wells was not a doctor or psychologist, and therefore, was not an acceptable medical source. The ALJ found that his opinion was in conflict with Dr. Mitchell, who examined plaintiff twice, and several other non-examining psychologists. The ALJ also rejected the opinion of plaintiff's treating physician, Dr. Baker, that she was probably unable to hold down a job due to her psychological problems, because the doctor is not a psychiatrist.

Instead of relying on plaintiff's treating physicians and counselor, the ALJ gave substantial weight to the opinions of Drs. Komes and Toma, who examined her on a one-time basis because they "are specialists in evaluating impairments and their opinions are consistent with the objective medical evidence and the record as a whole." [Tr. 28]. Additionally, he relied on the opinions of the state agency medical or psychological consultants, Drs. Allen, Aram, Skillman, and Burstin. Even though these individuals were non-examining physicians and psychologists, the ALJ considered and weighted their opinions because they are "highly qualified health professionals who are experts in the evaluation of the medical issues in disability claims under the Social Security Act." [Id].

The record indicates that Dr. Fadi Nicholas, who was plaintiff's treating psychiatrist, and Tim Wells, M.S., LPC, who was a counselor, treated her at Pathways Family Mental Health Center for depression and anxiety from October of 1998 through September of 2003. They diagnosed her with recurring major depression and chronic post-traumatic stress disorder caused by childhood abuse. In addition to Dr. Nicholas' treatment notes and the Medical Source Statement-Mental, the record also contains a Medical Source Statement-Mental and a letter from Mr. Wells. He had treated plaintiff for three and one-half years, and indicated on the checklist

5

that she had marked impairments in her ability in areas such as maintaining concentration, working with others, completing a workweek without being interrupted by psychologically-based symptoms, interacting appropriately with the general public, and accepting instructions and criticism. He also stated that plaintiff has problems relating to certain men because of the abuse by her step-father, and that she had problems with anger that effected her working. In support of that statement, Mr. Wells indicated that plaintiff had many short periods of employment where she either got fired or quit due to emotional stressors.

After a full review of the record and the ALJ's decision, the Court finds that there is not substantial evidence in the record as a whole to support the ALJ's decision that plaintiff's mental impairments were not disabling. The limitations enumerated by plaintiff's treating physicians, Drs. Nicholas and Baker, and that of Mr. Wells, her counselor, should have been given greater weight by the ALJ, given the treatment relationship they had with plaintiff. Further, the opinion of Mr. Wells, as a therapist, can properly be considered as an "appropriate source[] of evidence regarding the severity of a claimant's impairment, and the effect of the impairment on a claimant's ability to work." Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003). Although the ALJ questioned the basis for Dr. Nicholas' opinion, it is obvious from the record that he treated plaintiff at Pathways for approximately five years. Clearly, the duration of treatment should have been afforded substantial weight in this case. Additionally, the fact that plaintiff was treated for major depression, anxiety, and post-traumatic stress disorder, and was prescribed a number of antidepressant and psychotropic medications by Dr. Nicholas, her treating psychiatrist, over a number of years should have been afforded appropriate weight by the ALJ. The opinion of Mr. Wells, who worked as part of the treating team with Dr. Nicholas, was also

6

entitled to considerable weight.

Based on the record as a whole, it is clear that the medical opinion of plaintiff's treating physicians and the other medical source should have been afforded greater weight than that of Dr. Mitchell and one-time and non-examining physicians. The treating physicians' opinions were based on providing long-term care for plaintiff. Regardless of their expertise, the opinions of the doctors on whom the ALJ relied had no treatment relationship with plaintiff, and were not consistent with the opinions of the sources who did. Based on the record as a whole, the Court finds that the opinions of the agency physicians warrant less weight, given that they were inconsistent with the record as a whole. <u>Stormo v. Barnhart,</u> 377 F.3d 801, 805 (8th Cir. 1996). In this case, there is not substantial evidence in the record as a whole to support the ALJ's decision. Accordingly, the Court finds that the decision should be reversed.

Based on the foregoing, the Court finds that there is not substantial evidence in the record to support the ALJ's decision that plaintiff is not disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted. It is further

ORDERED that, pursuant to 42 U.S.C. Section 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 3/17/06